IN THE CIRCUIT COURT OF BROOKE COUNTY, WEST VIRGINIA

DARA LYNN WARD,                    )        Case No: 21-C-10
                                   )
        Plaintiff,                 )   2021 FEB 18 P 4: 17  Judge Ronald E. Wilson
                                   )
                                   )   CLERK CIRCUIT COURT
        v.                         )   BROOKE COUNTY
                                   )
                                   )        JURY TRIAL DEMANDED
WELLSBURG, LTD.,                   )
ROGER PERKINS & ASSOCIATES,        )
INC., and CLASSIC A PROPERTIES,    )
                                   )
                                   )
        Defendants.                )
                                   )

## COMPLAINT IN CIVIL ACTION

AND NOW, COMES the Plaintiff, Dara Lynn Ward, by and through her attorneys, James

A. Villanova, Esquire, Michael E. Metro, Esquire and Villanova Law Offices, P.C., and files the

following Complaint in Civil Action:

1.    This case is brought pursuant to the private right of action created in 29 U.S.C. §

794 for violations of the Rehabilitation Act.

## THE PARTIES

2.    Plaintiff Dara Lynn Ward is an adult individual currently residing at Brightwood

Center, a long-term care facility and nursing home located at 840 Lee Road, Follansbee, Brooke

County, West Virginia 26037.

3.    Defendant Wellsburg, Ltd., is a foreign limited partnership licensed to do business

in the State of West Virginia with a local business address of 400 Blue Ridge Manor Apartments,

Wellsburg, Brooke County, West Virginia 26070 and a principal office address of 41601 Dunlap

Drive, Belmont, Ohio 43718.

EXHIBIT
A

4.      Defendant Roger Perkins & Associates, Inc. is a foreign corporation licensed to do business in the State of West Virginia with a principal office address of 41601 Dunlap Drive, Belmont, Ohio 43718.

5.      Defendant Classic A Properties is a foreign corporation licensed to do business in West Virginia with a principal office address of 41601 Dunlap Drive, Belmont, Ohio 43718.

## JURISDICTION AND VENUE

6.      Jurisdiction is appropriate because Plaintiff Dara Lynn Ward is a resident of Brooke County, West Virginia and state courts have concurrent jurisdiction over Rehabilitation Act claims.

## FACTS

7.      On March 12, 2019, Plaintiff Dara Lynn Ward was residing at 807 Blue Ridge Manor Drive, Apt H7, Wellsburg, Brooke County, West Virginia 26070.

8.      Plaintiff Dara Lynn Ward's residence was part of the Blue Ridge Manor Apartments complex located at 400 Blue Ridge Manor Drive, Wellsburg, Brooke County, West Virginia 26070.

9.      On and prior to March 12, 2019, Plaintiff Dara Lynn Ward resided with a friend at apartment H7, who also served as her caregiver.

10.      On and prior to March 12, 2019, Defendants Wellsburg, Ltd., Roger Perkins & Associates, Inc., and Classic A Properties, jointly and/or severally exercised management, possession, ownership, control, over Blue Ridge Manor Apartments, including the step to the front entrance of Plaintiff Dara Lynn Ward's aforesaid residence located at 400 Blue Ridge Manor Drive, Apt. 4H, Wellsburg, Brooke County, West Virginia 26070 and were responsible for its maintenance, inspection, upkeep, care remedy, cleaning, monitoring and repair.

11.    Upon information and belief, at all relevant times, Defendant Classic A Properties was a participant in the USDA's Rural Housing Service Program and received federal financial assistance in the form of loans, grants, or loan guarantees to provide housing at Blue Ridge Manor Apartments as a management agency.

12.    Upon information and belief, at all relevant times, Defendants Roger Perkins & Associates, Inc. and/or Wellsburg, Ltd. received federal financial assistance from the USDA's Rural Housing Service Program as part of their joint ownership, operation, and control of Blue Ridge Manor Apartments with Defendant Classic A Properties.

13.    Prior to and through March 12, 2019, Plaintiff Dara Lee Ward had received Social Security Disability payments for several years, needed to use a walker to ambulate, and was an individual with a disability as defined under 29 U.S.C. § 705(20)(A).

14.    Plaintiff, Dara Lee Ward was otherwise qualified to receive discounted or subsidized housing at the Blue Ridge Manor Apartments complex under the USDA Rural Housing Services Program by meeting its income eligibility requirements.

15.    Prior to and on March 12, 2019, Defendants Wellsburg, Ltd., Roger Perkins & Associates, Inc., and Classic A Properties were aware that Plaintiff Dara Lynn Ward was a handicapped individual.

16.    Prior to and on March 12, 2019, Defendants Wellsburg, Ltd., Roger Perkins & Associates, Inc., and Classic A properties were aware that Plaintiff Dara Lynn Ward resided with a caregiver who provided her assistance due to her mobility issues.

17.    Prior to and on March 12, 2019, Plaintiff Dara Lynn Ward's residence at 807 Blue Ridge Manor Drive, Apt H7, Wellsburg, Brooke County West Virginia 26070, had a single

3047370352

entrance and exit in the front of the property, and the pathway to the entrance included an approximately six-inch raised step.

18.     On several occasions dating from at least two years prior to March 12, 2019, Plaintiff Dara Lynn Ward had asked the employees and/or agents of Defendants Wellsburg, Ltd., Roger Perkins & Associates, Inc., and/or Classic A Properties to install a handicap-accessible ramp and railing to cover the step and allow her safe access into her apartment.

19.     The handicap-accessible ramp and railing were necessary for Plaintiff Dara Lynn Ward's safe exit and entry to her residence.

20.     The handicap-accessible ramp and railing were reasonable modifications and would not have represented an undue financial burden to the Defendants.

21.     On and prior to March 12, 2019, a handicap-accessible ramp and railing was never installed at Plaintiff Dara Lynn Ward's residence due to the Defendants' deliberate indifference and/or intentional discrimination, demonstrated by, among other acts, their failure to adequately respond to or address Plaintiff Dara Lynn Ward's requests for accommodation, despite the claims of their employees and/or agents that they would do so.

22.     On March 12, 2019, at approximately 2:00 PM, Plaintiff Dara Lynn Ward attempted to exit her residence.

23.     While navigating the front step, Plaintiff Dara Lynn Ward's walker slipped and caused her to fall forward onto the ground.

24.     Plaintiff Dara Lynn Ward suffered injuries in the fall.

## COUNT I: VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. § 794

### *Dara Lynn Ward v. Wellsburg, Ltd.*

25.     Paragraphs 1 through 24 are incorporated by reference.

26.     As a recipient of federal financial assistance that operated a program or activity for the benefit of members of the public, Defendant Wellsburg, Ltd. was statutorily bound by the provisions of the Rehabilitation Act, including 29 U.S.C. § 794(a), to make reasonable accommodations for persons with disabilities like Plaintiff Dara Lynn Ward to ensure they were not excluded from participating in, denied the benefits of, or subjected to discrimination under that program or activity.

27.     Defendant Wellsburg, Ltd. violated the provisions of the Rehabilitation Act by failing to provide Plaintiff Dara Lynn Ward with a handicap-accessible ramp and railing that would have allowed her to participate in, enjoy the benefits of, and be free from discrimination under the USDA Rural Housing Program, for which she was otherwise qualified.

28.     Because of Defendant Wellsburg, Ltd.'s violations, Plaintiff Dara Lynn Ward was forced to encounter a hazardous condition, specifically a step that she was unable to safely navigate due to her disability, that caused her to sustain injury on March 12, 2019.

29.     Plaintiff Dara Lynn Ward's injuries including the following, some of which may be permanent in nature:

     a.   Right arm fracture;

     b.   Left arm fracture;

     c.   Broken left wrist;

     d.   Headaches;

     e.   Bruises and abrasions;

     f.   Right knee pain; and

     g.   Left foot pain.

30.     Due to her injuries, Plaintiff Dara Lynn Ward sustained the following damages:

a. Medical expenses;

b. Loss of the use of her left arm and hand;

c. Impairment in the use of her right arm and hand;

d. Impaired gait;

e. Embarrassment and anxiety; and

f. Pain and suffering.

WHEREFORE, the above-described conduct of the Defendant, Wellsburg, Ltd., has directly and proximately caused injury to the Plaintiff, Dara Lynn Ward, and the Plaintiff demands judgment against the Defendant, Wellsburg, Ltd., jointly and severally, for the following relief and damages:

a. Compensatory damages for past, present and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages and loss of services in a fair and just amount determined by a jury;

b. General damages for past, present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c. Pre-judgment and post-judgment interest;

d. Costs and attorney fees expended in this action; and

e. Any other future general or specific relief which the Court or jury may deem just or proper.

**A JURY TRIAL IS DEMANDED**

## COUNT II: VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. § 794

### *Dara Lynn Ward v. Roger Perkins & Associates, Inc.*

31.     Paragraphs 1 through 31 are incorporated by reference.

32.    As a recipient of federal financial assistance that operated a program or activity for the benefit of members of the public, Defendant Roger Perkins & Associates, Inc. was statutorily bound by the provisions of the Rehabilitation Act, including 29 U.S.C. § 794(a), to make reasonable accommodations for persons with disabilities like Plaintiff Dara Lynn Ward to ensure they were not excluded from participating in, denied the benefits of, or subjected to discrimination under that program or activity.

33.    Defendant Roger Perkins & Associates, Inc. violated the provisions of the Rehabilitation Act by failing to provide Plaintiff Dara Lynn Ward with a handicap-accessible ramp and railing that would have allowed her to participate in, enjoy the benefits of, and be free from discrimination under the USDA Rural Housing Program, for which she was otherwise qualified.

34.    Because of Defendant Roger Perkins & Associates, Inc.'s violations, Plaintiff Dara Lynn Ward was forced to encounter a hazardous condition, specifically a step that she was unable to safely navigate due to her disability, that caused her to sustain injury on March 12, 2019.

35.    Plaintiff Dara Lynn Ward suffered injuries and damages as described in Paragraphs 30 and 31, herein, respectively.

WHEREFORE, the above-described conduct of the Defendant, Roger Perkins & Associates, Inc., has directly and proximately caused injury to the Plaintiff, Dara Lynn Ward, and the Plaintiff demands judgment against the Defendant, Roger Perkins & Associates, Inc., jointly and severally, for the following relief and damages:

> a.  Compensatory damages for past, present and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages and loss of services in a fair and just amount determined by a jury;

b.   General damages for past, present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c.   Pre-judgment and post-judgment interest;

d.   Costs and attorney fees expended in this action; and

e.   Any other future general or specific relief which the Court or jury may deem just or proper.

**A JURY TRIAL IS DEMANDED**

## COUNT III: VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. § 794

### *Dara Lynn Ward v. Classic A Properties*

36.     Paragraphs 1 through 35 are incorporated by reference.

37.     As a recipient of federal financial assistance that operated a program or activity for the benefit of members of the public, Defendant Classic A Properties was statutorily bound by the provisions of the Rehabilitation Act, including 29 U.S.C. § 794(a), to make reasonable accommodations for persons with disabilities like Ms. Ward to ensure they were not excluded from participating in, denied the benefits of, or subjected to discrimination under that program or activity.

38.     Defendant Classic A Properties violated the provisions of the Rehabilitation Act by failing to provide Plaintiff Dara Lynn Ward with a handicap-accessible ramp and railing that would have allowed her to participate in, enjoy the benefits of, and be free from discrimination under the USDA Rural Housing Program, for which she was otherwise qualified.

39.     Because of Defendant Classic A Properties' violations, Plaintiff Dara Lynn Ward was forced to encounter a hazardous condition, specifically a step that she was unable to safely navigate due to her disability, that caused her to sustain injury on March 12, 2019.

40.     Plaintiff Dara Lynn Ward suffered injuries and damages as described in Paragraphs 30 and 31, herein, respectively.

WHEREFORE, the above-described conduct of the Defendant, Classic A. Properties, has directly and proximately caused injury to the Plaintiff, Dara Lynn Ward, and the Plaintiff demands judgment against the Defendant, Classic A Properties, jointly and severally, for the following relief and damages:

a.  Compensatory damages for past, present and future medical and life care expenses, lost wages, loss of earning capacity and all other special damages and loss of services in a fair and just amount determined by a jury;

b.  General damages for past, present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, service and companionship, loss of enjoyment of life and emotional distress in a fair and just amount determined by a jury;

c.  Pre-judgment and post-judgment interest;

d.  Costs and attorney fees expended in this action; and

e.  Any other future general or specific relief which the Court or jury may deem just or proper.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
Attest Glenda Brooks
Clerk. Circuit Court
Brooke County, West Virginia
By: Rebecca Faw, Deputy

James A. Villanova, Esquire
WV ID: 7120
Michael E. Metro, Esquire.
WV ID: 9590
Villanova Law Offices, P.C.
16 Chatham Square
Pittsburgh, PA 15219
Tel: 412-471-1933
Fax: 412-471-2733
villanova.law.offices@gmail.com